## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

No. 21-10491-J

DORIS LAPHAM,
Plaintiff/Appellant,

v.

WALGREEN CO.,
Defendant/Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 6:19-cv-579-Orl-40DCI

BRIEF OF *AMICUS CURIAE*
NATIONAL EMPLOYMENT LAWYERS ASSOCIATION
IN SUPPORT OF REVERSAL

CHRISTINE T. ELZER
PA. I.D. NO. 208157
(*pro hac vice* pending)
ELZER LAW FIRM, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Phone: (412) 230-8436
Email: celzer@elzerlaw.com

RICHARD E. JOHNSON
FLORIDA BAR NO. 858323
LAW OFFICE OF RICHARD E. JOHNSON
314 West Jefferson Street
Tallahassee, FL 32301
Phone: (850) 425-1997
Email: rick@rej-law.com

*Counsel for Amicus Curiae*

## **TABLE OF CONTENTS**

Table of Citations…………………………………………………………………..ii

Identity and Interest of Amicus Curiae…………………………………………..1

Statement of Issues…………………………………………………………3

Summary of Argument……………………………………………………….4

Argument…………………………………………………………………...6

   A. The District Court Erred in Applying a But-For Causation
      Test to Lapham's Claim Alleging Retaliation for Exercise of
      FMLA Rights…………………………………………………………..6

      1. The applicable Department of Labor regulation uses
         a negative factor standard………………………..…………………6

      2. The DOL's regulation is entitled to *Chevron* deference…………………9

      3. When applying a "negative factor" test, Appellant
         survives summary judgment. …………………………………...14

   B. Even if but-for Cause is the Correct Standard, the District
      Court Erred in Granting Summary Judgment After Identifying
      Record Evidence that Could Allow a Reasonable Jury to Infer
      Causation………………………………………………………...16

Conclusion…………………………………………………………...21

Certificate of Compliance……………………………………………….22

Certificate of Service………………………………………………….23

i

# TABLE OF CITATIONS

## Cases

*Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112
(9th Cir. 2001)……………………………………………..…7, 10, 12, 13

*Blash v. City of Hawkinsville*, __Fed. Appx.__, 2021 WL 1561347
(11th Cir. Apr. 21, 2021)…………………………………………………..15

*Bostock v. Clayton County, Ga.*, 140 S. Ct. 1731 (2020)……………………17-19

*Burrage v. United States,* 571 U.S. 204 (2014)………………………...………17-18

*Bryant v. Dollar Gen. Corp.*, 538 F.3d 394 (6th Cir. 2008)…………………...10, 12

*Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984)……………………………………………………………9-12

*Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325
(1st Cir. 2005)………………………………………………………………….7

*Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004)…………7

*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)………………………………..8-9

*Egan v. Del. River Port. Auth.*, 851 F.3d 263 (3d Cir. 2017)……………...7, 10-13

*Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167 (2009)……………………..8-9

*Holder v. Martinez Gutierrez*, 566 U.S. 583 (2012)………………………………11

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)……………………19-20

*Sims v. NVM, Inc.*, 704 F.3d 1327 (11th Cir. 2013)…………………..…………19-20

*Smith v. Bellsouth Telecommunications, Inc.*, 273 F.3d 1303 (11th Cir. 2001)…...12

*Staub v. Proctor Hosp.*, 562 U.S. 411 (2011)………………………………..14-16

*Strickland v. Water Works & Sewer Bd. of City of Birmingham*,
239 F.3d 1199 (11th Cir. 2001)……………………………………………………...6-7

*United States v. Feldman*, 936 F.3d 1288 (11th Cir. 2019)………………….…17

*United States v. Mead Corp.*, 533 U.S. 218 (2001)……………………………10-11

*Univ. of Tx. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)…………8-9

*Woods v. START Treatment & Recovery Centers, Inc.*,
864 F.3d 158 (2d Cir. 2017)………………………………………………….10-11, 13

## Statutes

29 U.S.C. § 623……………………………………………………………….8

*29 U.S.C. § 2615…………………………………………………6, 7, 9, 11-12, 13

29 U.S.C. § 2654…………………………………………………………………11

38 U.S.C. § 4301b…………………………………………………………...14

38 U.S.C. § 4311……………………………………………………………14

42 U.S.C. § 2000e-2……………………………………………………...8-9

42 U.S.C. § 2000e-3………………………………………………………..8

## Regulations

*29 C.F.R. § 825.220…………………………………………………...6, 9-11

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

The National Employment Lawyers Association (NELA) is the nation's largest professional membership organization comprised of lawyers who represent workers in labor, employment, and civil rights disputes. NELA and its 69 state and local affiliates have more than 4,000 members, all of whom have certified that at least 51 percent of their employment law practice is devoted to advocating for employees. NELA strives to protect the rights of its members' clients, and regularly supports precedent-setting litigation affecting the rights of individuals in the workplace.

NELA members frequently represent employees in actions under the Family and Medical Leave Act ("FMLA").[1] This matter concerns a threshold issue of general applicability to employees throughout this Circuit; namely, the appropriate causation standard for employees who allege an adverse action based on their exercise of protected FMLA rights. Therefore, NELA members, and their current and prospective clients, have a great interest in the outcome of this matter.

Moreover, NELA has a compelling interest in ensuring that causation standards are applied appropriately at the summary judgment stage, with due regard to the role of the jury--not the judge--to weigh evidence at trial.

---

[1] NELA takes no position as to Appellant's claims under the Florida Whistleblower Act (FWA).

1

No party, party's counsel, or other third party has authored this brief or contributed money intended to fund this brief. Appellant's counsel, Kelly Chanfrau, is a member of NELA, but did not participate in the drafting of this brief or contribute funds to the brief. The source of NELA's authority to file this brief is that it has filed a Motion for Leave to File Brief of *Amicus Curiae.*

## <u>STATEMENT OF ISSUES</u>

1. Did the District Court err in applying a but-for causation standard to a claim alleging retaliation the exercise of FMLA rights?

   **Suggested Answer: Yes.**

2. Even assuming a but-for causation standard applies, did the District Court err in granting summary judgment to the employer when the Court identified record evidence from which a reasonable factfinder could conclude that the employer's hostility toward the employee's exercise of FMLA rights more likely than not motivated the employee's termination?

   **Suggested Answer: Yes.**

## SUMMARY OF ARGUMENT

The FMLA prohibits interference with the exercise of FMLA rights. Under the Department of Labor's (DOL's) regulation interpreting this prohibition, an employer is liable if it considers an employee's use of FMLA leave as a "negative factor" in an adverse employment action. This "negative factor" standard is a lower than but-for causation, in that it imposes liability on the employer when the exercise of FMLA rights has *any* effect on the adverse employment action.

As several appellate courts throughout the nation have held, the DOL's regulation is entitled to deference. Unlike in statutes like Title VII that explicitly adopt a "motivating factor" standard, or the Age Discrimination in Employment Act (ADEA), which uses the phrase "because of," the relevant statutory section of the FMLA is entirely silent on the appropriate causation standard. The DOL, in its reasoned judgment and with authorization by Congress, appropriately filled in this gap in determining that an employer violates the FMLA when an employee's use of leave is a negative factor in an adverse employment decision. As such, the District Court erred in applying a "but-for" causation standard to a claim alleging retaliation for the exercise of FMLA rights.

Under a negative factor standard, an employer can be responsible for the acts of a supervisor with anti-FMLA bias, even if a separate unbiased supervisor also contributed to the adverse action. Under relevant Supreme Court precedent, an

employer is liable if termination is the intended consequence of a supervisor's biased recommendation, and the biased action was *a* proximate cause of the termination. Because there can be multiple proximate causes, the biased supervisor's action need only be **one** proximate cause. Here, the District Court already determined that a reasonable jury could find that a certain supervisor's complaints against Appellant Lapham were more likely than not based on anti-FMLA bias, and that such complaints were a motivating factor in Lapham's termination. Applying the correct standards of negative factor and proximate cause, the District Court should be reversed.

Moreover, even if the District Court correctly determined that but-for cause is the correct standard, it erred in applying that standard to require sole cause. As the Supreme Court has made increasingly clear in a series of recent decisions, the but-for cause standard is satisfied merely by showing that a prohibited consideration was the "straw that broke the camel's back." There can be many but-for causes of a given action. What matters is **not** whether there is *another* cause (e.g., an unbiased supervisor's influence), but whether the outcome would have been different if not for the prohibited consideration. Here, the appropriate question is whether Appellee Walgreens would have fired Lapham but for her exercise of FMLA rights. This is a factual question for the jury. Therefore, as further explained below, the District Court's grant of summary judgment to Walgreens should be reversed.

5

## ARGUMENT

### A. The District Court Erred in Applying a But-For Causation Test to Lapham's Claim Alleging Retaliation for Exercise of FMLA Rights.

The FMLA prohibits three distinct types of retaliation: (1) retaliation for opposing a violation of the FMLA, under 29 U.S.C. § 2615(a)(2); (2) retaliation for participating in an FMLA proceeding, under 29 U.S.C. § 2615(b); and (3) retaliation for having exercised FMLA rights, in violation of 29 U.S.C. § 2615(a)(1), as interpreted by 29 C.F.R. § 825.220(c). *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001)(noting that protected activity for a retaliation claim can arise under 29 U.S.C. § 2615(a)(1), §2615(a)(2), or 29 C.F.R. § 825.220(c)). This Part A focuses on the third type of retaliation: retaliation for the exercise of FMLA rights.[2] As set forth below, the causation standard for this type of claim is not "but-for cause," but rather is "negative factor."

### 1. The applicable Department of Labor regulation uses a negative factor standard.

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this

---

[2] In addition to alleging retaliation for having exercised FMLA rights under 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(c), Appellant Lapham also alleges that Appellee fired her because she opposed an FMLA violation under 29 U.S.C. § 2615(a)(2). *Amicus Curiae* takes no position on the appropriate causation standard for a Section 2615(a)(2) opposition claim. Assuming that "but-for" is the correct standard for an opposition claim, the district court erred in its application of this standard for the reasons set forth in Part B below.

subchapter." 29 U.S.C. § 2615(a)(1). Under the Department of Labor (DOL) implementing regulations, this "prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c).

Under Section 825.220(c), "employers cannot use the taking of FMLA leave as *a negative factor* in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies." *Id.* (emphasis added). Courts throughout the nation have recognized that this portion of the regulation creates a cause of action for retaliation against an employee who has exercised FMLA rights. *See Strickland*, 239 F.3d at 1206; *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 n. 9 (3d Cir. 2004); *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 331 (1st Cir. 2005).

The negative factor causation standard set forth in Section 825.220(c) is lower than but-for cause, in that it imposes liability if the protected activity had *any* negative impact on the employer's decision to take an adverse action. *See Egan v. Del. River Port. Auth.*, 851 F.3d 263, 272-73 (3d Cir. 2017)(describing negative factor as a "lessened causation standard" akin to Title VII's "motivating factor" language; *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 168

(2d Cir. 2017)(agreeing with plaintiff's argument that negative factor is a "lesser causation standard" than but-for cause).

As the Supreme Court has noted, when statutory text explicitly adopts a lower causation standard, but-for is not the appropriate standard. For example, Title VII of the Civil Rights Act of 1964 expressly prohibits any employment decision when race, sex, et cetera is even a "motivating factor." 42 U.S.C. § 2000e-2(m). As such, a "mixed motive" claim applying a motivating factor standard exists under Title VII's antidiscrimination provision. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101(2003)(holding that a plaintiff in a Title VII mixed motive case "need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice'").

On the other hand, neither the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), nor Title VII's antiretaliation provision, 42 U.S.C. § 2000e-3(a), contain "motivating factor" language. As such, these statutes prohibiting discrimination or retaliation "because" of age or protected Title VII activity are interpreted according to the plain and ordinary meaning of the word "because." *See Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 174-76 (2009); *Univ. of Tx. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 359-360 (2013). The Supreme Court was careful to point out in both *Gross* and *Nassar* that the lack of a lesser

8

statutory causation standard, coupled with "because of" language, yielded a but-for cause standard. *See Gross*, 557 U.S. at 174 (noting the absence of "motivating factor" language under the ADEA); *Nassar*, 570 U.S. at 360 (noting that Section 2000e-2(m)'s "motivating factor" provision omits reference to protected Title VII activity as opposed to status). As is clear from *Desert Palace*, *Gross*, and *Nassar*, statutory language is key in determining the correct causation standard.

Here, the statute is silent on the causation standard for a retaliation claim based on the exercise of FMLA rights, while the regulation contains a negative factor standard. *Compare* 29 U.S.C. § 2615(a)(1) *with* 29 C.F.R. § 825.220(c). Thus, assuming that the regulation is a valid exercise of the DOL's authority, then this Court must apply the lower "negative factor" standard, just as it must apply the lower "motivating factor" standard in Title VII discrimination cases. *See Gross*, 557 U.S. at 174; *Nassar*, 570 U.S. at 360; *Desert Palace*, 539 U.S. at 101. As explained below, the DOL's regulation is entitled to deference and must be followed.

**2.  The DOL's regulation is entitled to *Chevron* deference.**

While this Court has not yet determined the appropriate causation standard for a claim under 29 C.F.R. § 825.220(c),[3] several appellate courts throughout the nation have agreed that the DOL's adoption of a negative factor standard is entitled to

---

[3] *See Jones v. Allstate Ins. Co.*, 707 Fed. Appx. 641, 646 (2017)(non-precedential)(declining to decide whether but-for cause is the correct causation standard because the plaintiff in that case failed to show an adverse action).

deference. *See Egan*, 851 F.3d at 269-74 (3d Cir. 2017); *Woods*, 864 F.3d at 168-169 (2d Cir. 2017); *Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 400-402 (6th Cir. 2008); *Bachelder*, 259 F.3d at 1122-1125 (9th Cir. 2001); *cf. Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 n. 4 (1st Cir. 1998)(noting that Section 825.220(c) is entitled to deference). Indeed, no appellate court directly faced with the question has declined to grant deference to this regulation. As explained below, the foregoing Circuits correctly decided that Section 825.220(c)'s negative factor standard should be followed.

When an agency's interpretation of a statute carries the "force of law," including when Congress has delegated rulemaking authority, courts follow the framework set forth in *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). When presented with this type of regulation, the Court has two questions before it: (1) "whether Congress has directly spoken to the precise question at issue;" and, if not: (2) "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. Under step two, the Court must give legislative regulations "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844. In so determining, the Court asks whether the interpretation is a reasonable construction of the statute, "whether or not it is the only

possible interpretation or even the one a court might think best." *Holder v. Martinez Gutierrez*, 566 U.S. 583, 591 (2012).

Here, Congress expressly gave the Secretary of Labor the authority to "prescribe such regulations as are necessary to carry out" the FMLA. *See* 29 U.S.C. § 2654. As such, the regulation has the force of law. *See Mead*, 533 U.S. at 226-27.

Applying *Chevron* step one, Congress has not directly spoken to the precise question at issue. The statute does not explicitly provide a claim for retaliation for having exercised FMLA rights, let alone a causation standard for such a claim. *See* 29 U.S.C. § 2615; *Egan*, 851 F.3d at 270; *Woods*, 864 F.3d at 168. The DOL has identified 29 U.S.C. § 2615(a)(1) as the section giving it the authority to implement Section 825.220(c). *See id.* This provision provides, "[it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Notably, this Section "lacks any indicia of Congress' intent to create 'but for' causation—words like 'because of' or 'by reason of.'" *Woods*, 864 F.3d at 168. Instead, "Congress has chosen to remain silent on the causation issue in § 2615(a)(1) and has instead delegated a statutory gap-filling function to the Secretary of Labor." *Id.* As such, Congress has not spoken on the "precise question at issue." *Chevron*, 467 U.S. at 843. Thus, the Court must determine whether DOL's interpretation is based on a permissible construction of the FMLA. *Id.*

Under *Chevron* step 2, the DOL's interpretation is far from arbitrary, capricious, or contrary to the statute. A central purpose of the FMLA is "[t]o permit employees to take leave from work for certain family and medical reasons and to return to the same or equivalent job at the conclusion of that leave." *Egan*, 851 F.3d at 271 (citing 29 U.S.C. §§ 2601(b)(2) and 2615(a)(1)). This purpose would be undermined if the employer could simply fire the employee for having taken such leave. *See id.*

As this Court noted when granting *Chevron* deference to another FMLA regulation, the Department of Labor acts reasonably in prohibiting practices that would tend to chill the exercise of FMLA rights. *See Smith v. Bellsouth Telecommunications, Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001)("[i]f former employees like Smith knew they would have no remedy if their former employers retaliated against them for their past use of FMLA leave, it would tend to chill employees' willingness to exercise their protected leave rights and would work against the purpose of the FMLA"). Likewise, "[e]mployees are, understandably, less likely to exercise their FMLA leave rights if they can expect to be fired or otherwise disciplined for doing so." *Bachelder*, 259 F.3d at 1124. Indeed, "[a]ny 'right' to take unpaid leave would be utterly meaningless if the statute's bar against discrimination failed to prohibit employers from considering an employee's FMLA leave as a negative factor in employment decisions." *Bryant*, 538 F.3d at 401. "The

Labor Department's conclusion that employer use of 'the taking of FMLA leave as a negative factor in employment actions' … violates is the Act is therefore a reasonable one." *Bachelder*, 259 F.3d at 1124.

Moreover, the causation standard of "negative factor" set forth in the regulation is reasonable. The statutory section upon which the regulation was based, 29 U.S.C. § 2615(a)(1), does not provide a causation standard, and therefore "does not unambiguously require the use of but-for causation." *Egan*, 851 F.3d at 273. "Given the sweeping scope of § 2615(a)(1)'s prohibition—'It shall be unlawful ... to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right'— and the absence of *any* indication of a causation standard, the Labor Department reasonably construed § 2615(a)(1) to prohibit using the exercise of FMLA rights at all in making employment decisions." *Woods*, 864 F.3d at 169 (emphasis in original). "[L]ike Title VII's anti-discrimination provision, [the regulation] seeks to ensure that engaging in [FMLA] protected activity does not negatively impact an employee. This choice is consistent with Congress's goals in enacting the FMLA and the sort of 'legitimate policy choice' the agency is entitled to make." *Egan*, 851 F.3d at 273 (citations omitted). As such, the regulation "reflects the well-reasoned judgment of the executive officer charged with enforcing the rights granted to this country's employees." *Woods*, 864 F.3d at 169.

13

For the foregoing reasons, the District Court erred in applying a but-for causation standard instead of the explicit negative factor standard set forth in the Department of Labor regulation.

### 3. When applying a "negative factor" test, Appellant survives summary judgment.

In the District Court's view, one potentially biased supervisor (Shelton) and one allegedly unbiased supervisor (Williams) influenced the decision to discharge Appellant Lapham (Doc. 88 p. 7). Applying similar facts to a similar causation standard, the Supreme Court has made clear that the independent judgment of an unbiased decisionmaker does not defeat a claim of discrimination when a biased supervisor's act is an additional cause of a termination. *See Staub v. Proctor Hosp*., 562 U.S. 411 (2011).

*Staub* involved the influence of a biased supervisor in a claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301 *et seq*. This statute prohibits discrimination against a servicemember if their membership in the uniformed services "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership…" 38 U.S.C. § 4311(c)(1). Applying principles of agency law, the Supreme Court held, "if a supervisor performs an act motivated by antimilitary animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate

14

employment action, then the employer is liable under USERRA." *Staub*, 562 U.S. at 422 (emphasis in original). Notably, an unbiased decisionmaker's exercise of independent judgment does not automatically render the link to the biased supervisor "remote," "purely contingent," or a "superseding cause of the harm." *Id.* at 419-20. Although the unbiased decisionmaker's exercise of judgment is *also* a proximate cause of the harm, "it is common for injuries to have multiple proximate causes." *Id.* at 420.

Likewise, under the FMLA's negative factor standard, if a supervisor's complaints are motivated by anti-FMLA animus that is intended to cause an adverse action, and those complaints are a proximate cause of a termination, then the employer is liable. *See id*. at 422. As such, Lapham establishes liability against Walgreens if "(1) the adverse decision is 'the intended consequence' of the supervisor's biased report or recommendation, and (2) the supervisor's biased action was 'a causal factor' of the decisionmaker's adverse decision." *Blash v. City of Hawkinsville*, __Fed. Appx.__, 2021 WL 1561347 at *6 (11th Cir. Apr. 21, 2021)(applying *Staub* to a Title VII race discrimination case).

Here, the District Court already answered these questions, holding that a reasonable factfinder's conclusion "that Shelton's complaints were more likely motivated by FMLA hostility than Plaintiff's performance problems ***would satisfy a 'motivating factor' causation standard.*** *Id.* (emphasis added). Given the similarity

15

between the regulation's "negative factor" standard and a "motivating factor" standard, and the clear guidance from the Supreme Court in *Staub*, the District Court must be reversed under a negative factor test.

**B. Even if but-for Cause is the Correct Standard, the District Court Erred in Granting Summary Judgment After Identifying Record Evidence that Could Allow a Reasonable Jury to Infer Causation.**

Assuming *arguendo* that the District Court correctly identified the causation standard as but-for in this matter, it still erred in misapplying that standard to require something more akin to sole cause. Notably, the District Court first *denied* summary judgment to Defendant-Appellee, noting:

> A reasonable factfinder could infer from the above chain of events, combined with Shelton's statements to Employee Relations and their close temporal proximity to Plaintiff's termination, that ***Shelton was hostile to Plaintiff's attempts to exercise her FMLA rights. If so, a reasonable factfinder could also conclude that Shelton's complaints—and Plaintiff's resulting termination—were more likely motivated by that hostility than Plaintiff's work performance.*** Accordingly, ***Plaintiff has presented enough evidence to create an issue of fact regarding pretext***.

(Doc. 68 at 22).

Then, on reconsideration, the District Court held that the exact same evidence did not meet the higher but-for standard. As noted above, the District Court held, "[a]lthough the conclusion that Shelton's complaints were more likely motivated by FMLA hostility than Plaintiff's performance problems ***would satisfy a 'motivating***

16

*factor' causation standard, it is not enough to establish 'but-for' causation."* (Doc. 88 at 7)(emphasis added).

In other words, the District Court decided, on a summary judgment record, that a reasonable jury could find in Appellant Lapham's favor under a motivating factor standard, but not under a but-for standard. In so concluding, the District Court usurped the role of the jury by weighing evidence, and required a higher quantum of evidence under a but-for standard that neither this Court nor the Supreme Court has required.

But-for cause does not mean *sole* cause. Rather, if a factor was "the straw that broke the camel's back," then but-for causation has been established. *Burrage v. United States,* 571 U.S. 204, 211 (2014).[4] As this Court has noted, "but-for causality does not require that a single factor alone produce the particular result." *United States v. Feldman*, 936 F.3d 1288, 1311 (11th Cir. 2019). This Court further noted that the Supreme Court in *Burrage* explicitly rejected a "sole cause" characterization of but-for causation, "stating that a factor can be a but-for cause even if it 'combines with other factors to produce the result,' and that whether 'a host of *other* necessary

---

[4] Although *Burrage* was a criminal case, the Court was clear that the principles of but-for cause are the same regardless of whether the matter is criminal or civil. *See Burrage*, 571 U.S. at 213 (applying *Gross* and *Nassar*, both employment cases); *Bostock v. Clayton County, Ga.*, 140 S. Ct. 1731, 1739 (2020)(applying *Burrage* in a Title VII case).

causes' might also contribute to the result is 'beside the point.'" *Id.* at 1314 (quoting *Burrage*, 571 U.S. at 211-12).

As the Supreme Court noted in the employment law context, "often, events have multiple but-for causes." *Bostock v. Clayton County, Ga.*, 140 S. Ct. 1731, 1739 (2020). The "adoption of the traditional but-for causation standard means a **defendant cannot avoid liability just by citing some other *factor that contributed to its challenged employment decision***. So long as the plaintiff 's sex was *one* but-for cause of that decision, that is enough to trigger the law." *Id.* (emphasis added). But-for causation "is established whenever a particular outcome would not have happened 'but for' the purported cause. In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Id.*

Here, the District Court pointed to two factors that influenced Appellant Lapham's termination: complaints from Shelton and complaints from Williams (Doc. 88 at 7). Because Appellant had not pointed to any anti-FMLA bias by Williams, the District Court held that anti-FMLA bias by Shelton was not enough under a but-for standard (while conceding it would be enough under a motivating factor standard). *See id.* In so concluding, the district court asked the wrong question.

Under a but-for standard, the question is whether a reasonable jury could find that Walgreens would not have fired Lapham but for Shelton's anti-FMLA bias. The

question is *not* merely whether Williams' allegedly unbiased complaints *also* contributed to Lapham's termination.[5] Given that there can be multiple causes of a termination, the question is whether Lapham's use of FMLA was ***a*** but-for cause. To make this determination, the jury should "change one thing at a time and see if the outcome changes." *Bostock*, 140 S. Ct. at 1739. Here, this means it is up to a jury to determine whether, absent Shelton's bias against Lapham's use of FMLA leave, Williams' complaints would have been enough by themselves to cause Lapham's termination.

To make this determination, the jury can consider whether Walgreens' proffered reason for Lapham's termination is a pretext for discrimination. Even under a but-for causation standard, the familiar burden-shifting framework set forth under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) still applies. As this Court has held, applying *McDonnell Douglas* under the ADEA's but-for standard "is entirely consistent with *Gross*." *Sims v. NVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). As such, under statutes applying a but-for cause standard, a plaintiff still survives summary judgment when she points to evidence from which a reasonable jury could find that the employer's stated reason is a pretext for discrimination. *Id.*

---

[5] In this Circuit, *Staub* does not apply to statutes with a but-for causation standard, such as the ADEA. *See Sims v. NVM, Inc.*, 704 F.3d 1327, 1336-37 (11th Cir. 2013). However, even under a but-for standard, the "application of agency principles to cat's paw claims" still applies. *Id.* at 1336.

19

at 1333. Additionally, "**the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent.**" *Id.* (citation omitted)(emphasis added).

Here, the District Court already applied *McDonnell Douglas* to the facts, and held that sufficient evidence of pretext existed to reach a jury (Doc. 68 at 15-22). As noted above, the Court specifically held "Plaintiff has presented enough evidence to create an issue of fact regarding pretext." *Id.* at 22. The Court also noted that Lapham presented "sufficient evidence for a reasonable jury to infer that FMLA retaliation more likely motivated the termination decision than her misconduct." *Id.*

On reconsideration, the result should have been no different. *McDonnell Douglas* applies in an identical manner regardless of whether the causation standard is motivating factor or but-for cause. *See Sims*, 704 F.3d at 1332-33. As such, even if the District Court correctly determined that but-for was the correct standard, it failed to adhere to the central principle that "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* at 1333. Given the District Court's own conclusion that "a reasonable jury [could] infer that FMLA retaliation more likely motivated the termination decision," (Doc. 68 at 22), it erred in granting summary judgment to Walgreens.

20

## **CONCLUSION**

For the foregoing reasons, the District Court erred in granting summary judgment to Appellee Walgreens. Therefore, NELA respectfully urges this Court to reverse the District Court's judgment and to remand the case for trial.

Respectfully submitted,

/s/ Christine T. Elzer
Christine T. Elzer
(*pro hac vice* pending)
Pa. I.D. No. 208157
Elzer Law Firm, LLC
100 First Avenue
Suite 1010
Pittsburgh, PA 15222
Phone: (412) 230-8436
Email: celzer@elzerlaw.com


/s/ Richard E. Johnson
Richard E. Johnson
Florida Bar No. 858323
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, FL 32301
Phone: (850) 425-1997
Email: rick@rej-law.com

*Counsel for Amicus Curiae* NELA

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(b) and 29(a)(5) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Local Rule 32(f), this document contains 4523 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 365 in 14-point Times New Roman font.


Date: 6/1/2021                                  /s/ Christine T. Elzer
                                                Christine T. Elzer
                                                Attorney for Amicus Curiae

22

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 2d day of June, 2021, I filed the foregoing with the Clerk of Court using the Electronic Filing System which will send a Notice of Docket Activity to all counsel of record.

<u>/s/ Christine T. Elzer</u>
Christine T. Elzer
